**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **RUSSELL BARRETT** | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **NO.** |
| | ) | |
| **Microdynamics Corp., d/b/a/** | ) | |
| **Microdynamics Group, Mangrove** | ) | |
| **Cobrasource, Inc., d/b/a/ Mangrove** | ) | |
| **Employer Services, and Health Care** | ) | **JURY TRIAL DEMANDED** |
| **Service Corporation Illinois State PAC,** | ) | |
| **NFP, f/n/a BlueCross and BlueShield** | ) | |
| **of Illinois** | ) | |
| | ) | |
| **Defendants.** | ) | |

**COMPLAINT**

NOW COMES the Plaintiff, RUSSELL BARRETT, by and through his attorneys, Law Office of John Bishof, PC, and for his Complaint against the Defendants, Microdynamics Corp., d/b/a/, Microdynamics Group, Mangrove Cobrasource, Inc., d/b/a/ Mangrove Employer Services (Mangrove), and Health Care Service Corporation Illinois State PAC, NFP, f/n/a  Blue Cross and Blue Shield of Illinois (HCSC) states unto this Honorable Court as follows:

**JURISDICTION AND VENUE**

This is a civil action arising under the laws of the United States in which it is brought pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1140 ("ERISA Sec. 510").

1.      This Court has jurisdiction of the claims pursuant to 29 U.S.C. §§ 1132(e)(1),

1

1132(f). These provisions give the District Courts jurisdiction to decide civil actions brought to recover benefits due under the terms of an employee welfare benefit plan. In addition, this action may be brought before this Court pursuant to 28 U.S.C. §1331, which gives the District Court jurisdiction over actions that arise under the laws of the United States.

2.        Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. §1132(e)(2).

## PARTIES

3.        Plaintiff, Russell Barrett, is now and at all times relevant hereto, a citizen of the state of Illinois, and resident of this District.

4.        At all times relevant, Plaintiff was a participant and/or beneficiary in a welfare benefit plan under ERISA, as defined in 29 U.S.C. §1002(7) & (8), which, in this case, the continuation of Plaintiff's health benefits through the Consolidation Omnibus Budget Reconciliation Act (COBRA) following his termination of employment on or about May 24, 2008 with Microdynamics Group, a defendant in this case.

5.        Defendant, HCSC was to provide plaintiff's medical benefit coverage pursuant to a group agreement between Microdynamics Group and HCSC. HCSC is located in the City of Chicago, which is in this district.

6.        Plaintiff's former employer, Microdynamics Group (Microdynamics), Defendant, at all relevant times, employed 20 or more employees on a typical business day in the year of 2007 and is headquartered in Naperville, Illinois, which is in this district.

7.        Mangrove Employer Services, Inc., Defendant, is a corporation headquartered in the State of Florida and is registered to do business in the State of Illinois as Mangrove Cobrasource,

Inc., (Mangrove).  Specifically, and at all times relevant, Mangrove was retained by Microdynamics to administer the COBRA continuation coverage for the former employees, including plaintiff, of Microdynamics who elected to continue their medical benefit coverage.

### COUNT I
### (Mangrove Violation of COBRA, 29 U.S.C. § 1161 *et seq.*)

1-7.     Plaintiff reaffirms and realleges the allegations contained in Paragraphs 1 through 7 above, and states further in this Count I.

8.     The administration of the COBRA continuation coverage by Mangrove included premium billing, collection and remittance of the collected premiums directly to the plan carrier, HCSC.

9.     Plaintiff was provided specific information regarding his COBRA continuation coverage by Mangrove on June 16, 2008.  This information included the period of his eligibility, 18 months, his premium costs of $308.85 per month and a commencement date of June 1, 2008.

10.     On or about May 24, 2008, the time plaintiff terminated his employment, Microdynamics was plaintiff's employer and the plan administrator for the group health plan under which plaintiff was a covered employee.

11.     Plaintiff submitted his first premium payment of $308.85 with check # 632 and said payment was recorded as paid on June 25, 2008.

12.     On or about June 26, 2008 Mangrove received payment of $308.85 from plaintiff and acknowledged that said amount was the total monthly premium to continue plaintiff's COBRA coverage.

13.     With the acknowledgment that plaintiff made his premium payment in full, defendant,

3

Mangrove, also provided coupons to plaintiff which defendant directed the plaintiff to submit with each subsequent monthly premium payment. Each coupon provided plaintiff's name, his social security number, a description of the COBRA plan, the due date for each month and designated $308.85 as the amount of each monthly premium due and owing.

14.     Plaintiff made timely payments of $308.85 each month which were consistent with both the written notice submitted by defendant and the coupons defendant had provided to plaintiff. These coupons were to accompany the premium payments.

15.     On or after November 25, 2008 defendant notified plaintiff that there was a premium shortage of $16.23 which plaintiff paid with check # 646 on December 15, 2008.

16.     Based upon defendant's notification of a premium shortage he continued to make payments at a higher amount of $363.03 as directed by the defendant.

17.     Plaintiff made a series of these payments to defendant on or before 12/24/08, 1/27/09 and 2/24/09.

18.     On or after 4/16/2009 defendant, Mangrove notified plaintiff that his COBRA continuation coverage was terminated on 2/28/09 and that he had no opportunity to be reinstated (Attached as Exhibit 1).

19.     At no time did defendant notify plaintiff that his monthly premium payment was anything other than $308.85.

20.     At all times plaintiff had timely paid his monthly premium to Mangrove Employer Services, COBRA unit as directed by the Defendant.

21.     Plaintiff had contacted Defendant, Mangrove Employee Services, on April 17, 2009. At defendant's request, plaintiff had provided defendant, by fax (Attached as Exhibit 2), copies of

4

the Fact Sheet (Attached as Exhibit 3) and First Payment Notice (Attached as Exhibit 4) plaintiff had received from defendant both quoting $308.85 as the amount of the monthly premium for plaintiff's COBRA continuation coverage. Plaintiff also provided copies of a stop payment order (Attached as Exhibit 5) on a check plaintiff had previously tendered to defendant (Attached as Exhibit 6) subsequently placed a stop order after defendant had sent a termination notice.

22.     Mangrove informed plaintiff again, on April 18, 2009, that the termination was final and that his COBRA coverage would not be reinstated.

23.     At the time of his termination on or about May 24, 2008, Mangrove was the plan administrator for the group health plan under which plaintiff was a covered employee.

24.     Defendant, Mangrove, was the issuer of a certificate dated January 9, 2009, that confirmed the fact that HCSC was providing continuation coverage to plaintiff through a group health plan and that plaintiff was a qualified beneficiary pursuant to COBRA. (Attached as Exhibit 7 is a copy of the Certificate).

25.     Plaintiff suffered from an illness that necessitated costly medical treatment and prescriptions.  The prescriptions alone cost in excess of $1,000.00 per month.

26.     The termination of plaintiff's COBRA continuation coverage plaintiff was to receive pursuant to the group health plan of Defendant, HCSC, was without cause.

27.     Said termination occurred prior to the expiration of eighteen months continuation coverage plan plaintiff elected to obtain under defendant's group health plan.

28.     Plaintiff had to expend large sums of money to pay for the costs of medical care and prescriptions after he was wrongfully terminated as an insured under the continuation coverage of defendant's group health plan.

5

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant, Mangrove as follows:

a) Statutory damages pursuant to 29 U.S.C. § 1132( c)(1) and actual damages for unpaid and unreimbursed medical expenses and costs for prescriptions plaintiff incurred during the remainder of eighteen month period of time that plaintiff should have been continually covered under defendant's group health plan;

b) Attorneys' fees, expert fees and the costs of this action, pursuant to 29 U.S.C. § 1132(g)(1), and;

c) Such other damages as may be proven at the time of trial, including but not necessarily limited to, actual, consequential and punitive damages and such other and further relief as this Court may deem appropriate.

## COUNT II

### (Microdynamics Violation of COBRA, 29 U.S.C. § 1161 *et seq.*)

1-22.    Plaintiff reaffirms and realleges the allegations contained in Paragraphs 1 through 22 of Count I, and states further in this Count II.

23.    Defendant, Microdynamics, was the employer who maintained the group health plan that provided the COBRA continuation coverage to plaintiff, a qualified beneficiary.

24.    Plaintiff suffered from an illness that necessitated costly medical treatment and prescriptions.  The prescriptions alone cost in excess of $1,000.00 per month.

25.    The Defendant, Microdynamics' termination of plaintiff's COBRA continuation coverage was without cause.

6

26.     Said termination occurred prior to the expiration of eighteen months continuation coverage plan plaintiff elected to obtain under defendant's group health plan.

27.     As a result of defendant wrongfully terminating Plaintiff's continuation coverage under its group health plan, plaintiff had to expend large sums of money to pay for the costs of medical care and prescriptions.

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant, Microdynamics as follows:

a) Statutory damages pursuant to 29 U.S.C. § 1132( c)(1) and actual damages for unpaid and unreimbursed medical expenses and costs for prescriptions plaintiff incurred during the remainder of eighteen month period of time that plaintiff should have been continually covered under defendant's group health plan;

b) Attorneys' fees, expert fees and the costs of this action, pursuant to 29 U.S.C. § 1132(g)(1), and;

c) Such other damages as may be proven at the time of trial, including but not necessarily limited to, actual, consequential and punitive damages and such other and further relief as this Court may deem appropriate.


**COUNT III**
**(HCSC Violation of COBRA, 29 U.S.C. § 1161 *et seq.*)**

1-22.    Plaintiff reaffirms and realleges the allegations contained in Paragraphs 1 through 22 of Count II, and states further in this Count III.

23.     At the time of his termination on or about May 24, 2008, HCSC was the plan

administrator for the group health plan under which plaintiff was a covered employee.

24.     Defendant, HCSC, was the issuer of a certificate dated January 9, 2009, that confirmed the fact that HCSC was providing continuation coverage to plaintiff through a group health plan and that plaintiff was a qualified beneficiary pursuant to COBRA. (Attached as Exhibit 7 is a copy of the Certificate).

25.     At all times relevant, HCSC had received timely monthly premium payments which were in the amounts directed by Mangrove

25.     Plaintiff suffered from an illness that necessitated costly medical treatment and prescriptions.  The prescriptions alone cost in excess of $1,000.00 per month.

26.     The termination of plaintiff's COBRA continuation coverage plaintiff was to receive pursuant to the group health plan of Defendant, HCSC, was without cause.

27.     Said termination occurred prior to the expiration of eighteen months continuation coverage plan plaintiff elected to obtain under defendant's group health plan.

28.     Plaintiff had to expend large sums of money to pay for the costs of medical care and prescriptions after he was wrongfully terminated as an insured under the continuation coverage of defendant's group health plan.

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant, HCSC as follows:

a) Statutory damages pursuant to 29 U.S.C. § 1132( c)(1) and actual damages for unpaid and unreimbursed medical expenses and costs for prescriptions plaintiff incurred during the remainder of eighteen month period of time that plaintiff should have been continually covered under defendant's group health plan;

b) Attorneys' fees, expert fees and the costs of this action, pursuant to 29 U.S.C. § 1132(g)(1), and;

c) Such other damages as may be proven at the time of trial, including but not necessarily limited to, actual, consequential and punitive damages and such other and further relief as this Court may deem appropriate.

Respectfully submitted,

/s John S. Bishof, Jr.
John S. Bishof, Jr., #213926
Law Office of John Bishof P.C
77 West Washington St., Suite 1910
Chicago, IL 60602
Ph: 312-630-2048  Fax: 312-630-2085

9